**WO**

| | |
|---|---|
| Maria R Burnias, | No. CV-17-00657-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Maria Burnias appeals the denial of her disability insurance benefits and supplemental security income applications, in which she alleged that she became disabled on April 29, 2011. After following the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520(a), the Administrative Law Judge ("ALJ") concluded that Burnias was not disabled. Despite Burnias' cervical and lumbar degenerative disk disease, right shoulder degenerative joint disease, asthma/allergic rhinitis, and obesity, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work, and jobs exist in significant numbers in the national economy that Burnias can perform in light of her RFC, age, education, and work experience. (A.R. 32-41.) After considering the ALJ's decision, the record below, and the parties' briefs, the Court reverses and remands for further proceedings.

**I. Standard of Review**

When considering an appeal from a non-disability determination, the Court

reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). In doing so, the Court is not free to consider the claimant's application anew or to otherwise determine whether she is disabled. Instead, the Court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* Stated differently, if the ALJ follows the correct legal standards and supports his decision with a reasonable interpretation of the evidence, the Court cannot reverse his decision simply because it would weigh the evidence differently. Accordingly, "[w]here evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.*

**II. Discussion**

On appeal, Burnias argues that the ALJ erred by: (1) discounting Burnias' testimony concerning the severity of her symptoms; (2) giving little weight to the opinions of Burnias' treating physicians and, instead, assigning greater weight to the opinions of the non-examining state agency medical consultants; and (3) discounting the lay statement of Burnias' granddaughter in support of Burnias' disability application. The Court concludes that the ALJ erred in discounting Burnias' symptom testimony, and that this error permeated the ALJ's other determinations.

Burnias alleged that her back and neck pain prevented her from working. For example, she claimed she could sit or stand for only 30 minutes, and could walk for only two or three blocks before needing to rest. (A.R. 78, 87.) When evaluating a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific,

clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ found that Burnias' impairments could reasonably be expected to produce some degree of the pain and symptoms alleged, but found Burnias' allegations of disabling symptoms and pain not entirely credible given her level of daily activity and her positive responses to medical treatment. (A.R. 36-37.)

These reasons are appropriate bases for discounting subjective symptom testimony, *see Molina v. Astrue,* 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), but are not supported by substantial evidence. Despite ostensibly crediting Burnias' reported daily activities, the ALJ mischaracterized those activities when assessing the credibility of Burnias' symptom testimony. The ALJ relied on the fact that Burnias performs household chores, goes to the store, eats out, and cares for her young daughter to support his conclusion that she is not as functionally limited as she alleges (A.R. 68-77, 150, 154, 313, 346, 845), but failed to account for the frequency and manner in which Burnias engages in these activities. For example, although Burnias reported that she does household chores, she explained that it takes her all day to do so because she must "continually stop" due to "pain in [her] back and side." (A.R. 345-46.) Similarly, although Burnias' cares for her young daughter, she reported that she "doesn't lift her or do anything else like that." (A.R. 845.) The ALJ characterized Burnias' reported daily activities at too high a level of generality, without regard to the frequency and manner in which Burnias reported engaging in those activities. Doing so was error.

The ALJ's finding that Burnias' conditions are adequately controlled with conservative treatment likewise reflects a mischaracterization of the medical record and the treatments Burnias received. Medical records showed that Burnias took pain medication and received epidural injections, but the Ninth Circuit has expressed "doubt that epidural steroid shots to the neck and lower back qualify as 'conservative treatment.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014). In sum, the

1    ALJ erred because his rationale for discounting Burnias' symptom testimony falls far

2    short of the requisite clear and convincing reasons, supported by substantial evidence in

3    the record.

4            This error permeated the ALJ's other findings that are challenged in this appeal.

5    For example, all three of Burnias' treating physicians submitted opinions assessing

6    functional limitations that, if credited and adopted, would preclude sustained work.  The

7    ALJ gave these opinions little weight, in no small part because the ALJ believed these

8    opinions were "inconsistent with [Burnias'] admitted activities of daily living[.]"  (A.R.

9    39.)  But this determination is tainted by the ALJ's mischaracterization of Burnias' daily

10   activities, which, as noted, failed to account for the manner and frequency with which

11   Burnias performed them.

12           Likewise, Burnias' granddaughter submitted a lay statement largely consistent

13   with Burnias' own testimony, which the ALJ rejected.  Although the ALJ provided

14   otherwise germane reasons for rejecting this third-party statement, it is not clear whether

15   the ALJ would have done so had he considered Burnias' daily activities as she actually

16   reported performing them.  That is, the credibility of this third-party statement might be

17   bolstered by its consistency with Burnias' testimony, which the ALJ improperly rejected.

18           For these reasons, the Court will reverse the ALJ's non-disability determination.

19   The Court declines Burnias' invitation to credit the improperly rejected evidence as true

20   and remand for immediate award of benefits, however, because there clearly are conflicts

21   in the medical opinion evidence, which create doubt as to whether Burnias actually is

22   disabled.  Moreover, the ALJ gave other, legally adequate and properly supported

23   rationales for discounting the treating physician assessments and third-party statement.

24   The Court finds that further proceedings will serve a useful purpose, namely affording the

25   ALJ the opportunity to reconsider the value of the treating physician opinions and third-

26   party assessment in light of Burnias' symptom testimony, which the ALJ should have

27   credited.  It may be that, after crediting Burnias' testimony, the ALJ finds the treating

28   physician opinions and third-party assessment are entitled to more weight that the ALJ

initially afforded them.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security Administration is **REVERSED** and this matter **REMANDED** for further proceedings consistent with this decision.

Dated this 18th day of September, 2018.


Douglas L. Rayes
United States District Judge